# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OFFERHUBB.NET, INC., *et al*,<br><br>　　　　　　Plantiffs,<br><br>　v.<br><br>FUN CLUB USA, INC., *et al*,<br><br>　　　　　　Defendants. | Case No.: 2:14-cv-00190-RFB-GWF<br><br>**AMENDED ORDER ACCEPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE GEORGE W. FOLEY** |

　　　Before the Court for consideration is the Report and Recommendation (ECF No. 26) of the Honorable George W. Foley, United States Magistrate Judge, entered October 15, 2014.

　　　A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); <u>see</u> also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," *de novo* or otherwise, of the report and recommendations of a magistrate judge. <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985).

　　　Pursuant to Local Rule IB 3-2(a), objections were due by October 29, 2014. No objections have been filed, and thus the Court is not required to conduct any review of Judge Foley's Report and

Recommendation. Nevertheless, the Court has reviewed the record in this case and concurs with Judge Foley's recommendations that the Answer of Defendant Fun Club USA, Inc. ("Fun Club") should be stricken and its default entered based on Fun Club's failure to comply with this Court's order to obtain counsel. Given that potentially case-dispositive sanctions are at issue for Defendant Fun Club USA, Inc., the Court also deems it appropriate to make certain explicit findings.

A court must consider five factors before striking a pleading or declaring default. <u>Hester v. Vision Airlines, Inc.</u>, 687 F.3d 1162, 1169 (9th Cir. 2012). First, it must consider the public's interest in expeditious resolution of litigation. <u>Id.</u> The Court finds that the public interest would best be served by striking Fun Club's answer and entering default against it, as Fun Club has not shown a willingness to comply with the Court's orders or to take steps to defend itself in this case.

The second factor to consider is the court's need to manage its docket. <u>Id.</u> This factor also weighs in favor of striking Fun Club's answer and entering default against it. Fun Club's failure to obey the Court's order to obtain counsel has already led to an Order to Show Cause (ECF No. 25) and a Report and Recommendation (ECF No. 26), both of which required time from the Court that could have been put to use addressing the merits of this case or other cases had Fun Club promptly complied. Fun Club's conduct has impaired the Court's ability to manage its docket so as to efficiently provide relief to all parties that come before it.

Third, the Court considers the risk of prejudice to the other party. <u>Hester</u>, 687 F.3d at 1169. In determining whether a party has been prejudiced, courts consider whether the actions of the party to be defaulted impaired the other party's ability to go trial or threaten interference with the decision of the case on the merits. <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1227 (9th Cir. 2006) (internal quotation marks omitted). Here, the Court does not find that Plaintiff has been prejudiced from Fun Club's actions given that neither party has filed a motion for summary judgment, the case has not yet been set for trial, and Plaintiff has a motion to amend the complaint pending.

The fourth factor is the public policy favoring the disposition of cases on their merits. Hester, 687 F.3d at 1169. This factor "strongly weighs against dismissal. At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." PPA Products Liability Litigation, 460 F.3d at 1228 (citation omitted). While this factor weighs in Fun Club's favor, its weight is significantly diminished by the fact that Fun Club's failure to comply with Court orders impedes this case from moving toward disposition on the merits.

Fifth, courts consider the availability of less drastic sanctions. Hester, 687 F.3d at 1169. In its Order to Show Cause (issued a full month after Fun Club's initial deadline to obtain counsel), the Court notified Fun Club of its failure to comply with the Court's order. ECF No. 25. The Court also warned Fun Club that failure to respond to the Order to Show Cause "may result in the imposition of sanctions up to and including a recommendation to the District Judge to strike Defendant's Answer and enter a default judgment against Defendant for violation of the Court's order." Id. Based on Fun Club's failure to comply despite the issuance of an Order to Show Cause and an explicit warning that sanctions would be imposed for further noncompliance, the Court finds that there is no lesser, alternative sanction that would secure Fun Club's compliance.

Taken together, the Court finds that these five factors weigh in favor of striking Fun Club's answer and entering its default. While there has been no finding of prejudice to Plaintiff, it is also true that "the integrity of the district court is involved. . . . Where [a party] continues to disregard deadlines, warnings, and schedules set by a district court," a lack of prejudice need not be determinative. Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986).

In addition, when imposing default as a sanction, "the sanctioned party's violations must be due to willfulness, bad faith, or fault of the party." Hester, 687 F.3d at 1169 (internal quotation marks omitted). This can be demonstrated through disobedient conduct that is not shown to be outside the litigant's control. Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003). Here, Fun Club's conduct

was disobedient, as it violated two separate orders of the Court. This conduct has also not been shown to be outside Fun Club's control, and thus the Court finds at this stage that Fun Club's violations were willful.

In light of these findings, the Court determines that Judge Foley's recommendations should be adopted. However, because Fun Club's Answer was filed jointly with Defendants Robert Craddock and Sylvia Salgado-Craddock, the Court will permit it to remain on the docket. The Answer shall be disregarded to the extent that it applies to Fun Club.

## **ORDER**

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 26) is ACCEPTED and ADOPTED to the extent it is not inconsistent with this opinion.

**IT IS FURTHER ORDERED** that the Answer of Defendant Fun Club USA, Inc. (ECF No. 9) is DISREGARDED and its default entered based on Defendant's failure to comply with this Court's Order to obtain counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Findings and Recommendation and Order to Defendant Fun Club USA, Inc., c/o Robert Craddock, 1704 Baron Court, Port Orange, Florida 32128.

DATED this 4th day of February, 2015.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**